**Ray MYERS**

**v.**

**The UNITED STATES.**

**No. 133–68.**

United States Court of Claims.

Oct. 17, 1969.

Norman G. Carlin, San Diego, Cal., attorney of record, for plaintiff.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

DURFEE, Judge.

Plaintiff, a former enlisted man in the United States Navy Reserve, was retired for physical disability. He now seeks to recover active duty pay and allowances, contending that the Secretary of the Navy's determination that plaintiff was unfit to perform the duties of his grade was arbitrary, capricious, and contrary to law. Both sides have moved for summary judgment, with the case being submitted without oral argument.

On September 1, 1957, plaintiff was placed on the Temporary Disability Retired List with a diagnosis of schizophrenic reaction, paranoid type, and a 70 percent disability rating. On January 29, 1959, a Board of Examiners considered his condition to be in remission, although it recognized the initial diagnosis as initially correct. Plaintiff was given his final periodic physical examination on January 9, 1962, as a result of which a Board of Medical Examiners diagnosed his condition at that time as "Schizophrenic reaction, paranoid type, in remission, # 3003, because of the absence of any residuals from the previous schizophrenic episode."

Thereafter, on January 25, 1962, plaintiff appeared before the Physical Evaluation Board (PEB) which recommended that he be found fit for duty. The Physical Review Council advised the PEB on February 21, 1962, that it did not concur in the recommendation, and that it (the Review Council) was going to recommend to the Secretary of the Navy that plaintiff be found unfit because of "Schizophrenic Reaction, paranoid type (in remission)," with a 10 percent disability rating. After plaintiff's rebuttal, the Review Council adhered to its position, and referred the record to the Navy Physical Disability Review Board for the latter's consideration.

Plaintiff's counsel was apprised of the referral to the Review Board, and on March 15, 1962, plaintiff was notified of his right to a hearing before it. The notification also advised plaintiff that after initial review of the record, the Board was of the opinion that plaintiff was unfit, with a 30 percent disability rating under Veterans Administration Diagnostic Code No. 9203. The Board also notified plaintiff that approval by the Secretary of the Navy of the Board's proposed finding would result in his name being removed from the Temporary Disability Retired List and placed on the Permanent Disability Retired List. Plaintiff replied in writing: "I had received the findings of the Board that find me 30% disabled thereby placing me on the permanent disability retired list. I realize these findings have to be approved by the Secretary of the Navy. Accordingly, *I accept the findings of this Board*". [Emphasis supplied.] The Disability Review Board reconvened and adopted its proposed finding.

The Judge Advocate General submitted the record to the Secretary of the Navy for final action. On April 16, 1962, the Under Secretarv of the Navy approved the recommended findings of the Physical Disability Review Board. Effective May 1, 1962, plaintiff was retired for physical disability, with a 30 percent rating.

Plaintiff, on October 27, 1965, filed an application for correction of his records, and asked that his retired status be changed to "fit for duty". The Board for Correction of Naval Records considered the application, despite the fact that it was untimely, and denied the relief requested.

It is plaintiff's contention that the action of the Secretary of the Navy (acting through the Under Secretary) in not adopting the findings and recommendations of the Physical Evaluation Board was wrongful, arbitrary and contrary to law. It will be recalled that the PEB found plaintiff "fit for duty". Plaintiff insists that the Physical Review Council did not consider the evidence adduced at the PEB hearing, and he places a great deal of reliance on the testimony of Dr. Tyson, who stated that plaintiff was mentally competent and fit for duty, and on the testimony of Dr. Canaga, who recommended that plaintiff be returned to duty.[1]

It should first be noted that plaintiff does not allege any procedural irregularities in his retirement. Thus, the only question left open is whether the Secretary of the Navy could place plaintiff's name on the Permanent Disability Retired List under the circumstances of this case.

The Physical Review Council, in its memorandum to the Physical Evaluation Board, stated:

The evidence of record clearly shows that MYERS suffers from a chronic psychotic illness, which has required periods of hospitalization since 1944. While he is currently enjoying a good state of remission, it must still be recognized that an illness of this type is characterized by periods of exacerbation and remission and, further, that the periods of exacerbation may be brought on by other external or internal stresses. In the instant case the periods of exacerbation were brought on by the routine stresses of active military service, and the symptoms displayed during these episodes were inappropriate behavior, grandiose trends, and poorly controlled hostility toward authority. They were of sufficient intensity to interfere materially with his ability to fulfill the purpose of his employment on active duty. It is the opinion of the Physical Review Council that to return MYERS to the military environment would certainly be deleterious to his present state of well being and would run the grave risk of precipitating another overt psychotic episode, which in all likelihood would be even more severe than the previous ones and less amenable to treatment. Therefore, it is not in either his best interest or that of the Navy Department to find him fit for duty. Approval of the proposed substitute findings will result in party's name being removed from the Temporary Disability Retired List and his separation from the service for physical disability with severance pay.

Moreover, the Board for Correction of Naval Records, in its recommendations to deny plaintiff's petition, stated:

Petitioner may well have been and may still be free of evidence of mental or emotional disorders since his retirement in 1962, and serve well in civilian life, however, military experience dictates that such a person is not physically qualified for active military duty because of the chance of recurrences if again exposed to the stresses and rigors of military duty.

It is against this general policy that we must weigh the correctness of the action taken here. This court has pre-

---

1. Although plaintiff is now attacking the Secretary of the Navy's action, he had previously accepted in writing a finding of unfitness by the Navy Physical Disability Review Board, which was eventually adopted by the Secretary.

viously dealt with a similar situation. In Watson v. United States, 152 Ct.Cl. 273 (1961), a commissioned warrant officer in the Navy was placed on the Temporary Disability Retired List with a disability rating of 50 percent for psychotic depressive reaction. Three years later, the Physical Evaluation Board found plaintiff recovered and fit for active duty. The Physical Review Council, however, found plaintiff unfit for duty with a disability rating of zero. The Secretary of the Navy discharged plaintiff, who then applied to the Board for Correction of Naval Records. The Board recommended that plaintiff's record be corrected to show his continuance on the Temporary Disability Retired List, and that he be reappointed to active duty with pay in accordance with the correction. This recommendation was withdrawn after the Chief of the Bureau of Medicine and Surgery stated that it was the Navy's general policy to reject as unfit persons who have a history of phychotic disorders, for reasons which are both medical and military. The court held that the adoption and application of such a policy was not arbitrary or illegal, and that its generality was justified by medical and military considerations.

The same policy is evident in the actions taken in the instant case. The Physical Review Council recognized that plaintiff may have been free of evidence of mental or emotional disorders since his retirement, and may have adapted to civilian life, but felt that such evidence was not preclusive as to the party's ability to cope with the singular and unique vicissitudes of military life. Surely the military need not reinstate former servicemen previously retired for emotional disorders in order to prove that such conditions will recur upon reinstatement. Therefore, the action of the Secretary of the Navy in adopting the Review Council's recommendation was not arbitrary, capricious, or contrary to law.

Finally, plaintiff cites the letter of the Assistant Judge Advocate General to the Secretary of the Navy, which stated:

\* \* \* The presumption of fit for duty provided for in paragraph 0228, DSM [Disability Separation Manual], can be overcome only by clear and convincing evidence that the party is physically unfit.

Plaintiff then argues that Paragraph Three of the Veterans Administration Schedule for Rating Disabilities provides that doubts as to disabilities are to be resolved in favor of the claimant. From these two sources, plaintiff concludes that the doubt as to plaintiff's fitness must be resolved in his favor, i. e., that he was fit for duty.

The difficulty with this argument is twofold. Firstly, the DSM paragraph cited relates to PEB cases involving persons on active duty. Here, the PEB recommendation occurred only after plaintiff had been on the Temporary Disability Retired List for five years. There is no dispute as to plaintiff's unfitness when he was first put on the Temporary Disability Retired List. In light of the Navy policy mentioned in *Watson, supra,* in the Physical Review Council memorandum, and in the Board for Correction of Naval Records recommendation, neither the testimony of Drs. Tyson and Canaga, nor the presumption in paragraph 0228 of the DSM, necessitates holding plaintiff fit for duty after he had been found emotionally disturbed. Secondly, the Veterans Administration Schedule for Rating Disabilities has no application to determination of fitness or unfitness for duty; it applies only to rating of disabilities.

Since no procedural irregularities have been alleged regarding the Secretary of the Navy's action, and since, as a matter of law, we find that his action was not arbitrary or capricious, but instead, was based on a reasonable naval policy, plaintiff's motion for summary judgment is denied, defendant's cross-motion is granted, and the case is dismissed.